IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>[21] YEHUDY TORO-VARGAS,<br><br>**Defendant**. | CRIMINAL NO. 23-114-21 (RAM) |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court are defendant Yehudy Toro-Vargas's ("Defendant" or "Mr. Toro") *Motion for Severance*; *Motion to Dismiss*, and *Motion in Limine*. (Docket Nos. 689, 690, and 691, respectively). For the reasons set forth below, the Court **DENIES** Defendant's motions.

## I. BACKGROUND

On March 22, 2023, a Grand Jury indicted Mr. Toro on six counts: Conspiracy to Possess with Intent to Distribute Controlled Substances in violation of 21 U.S.C. § 846 (Count 1); Possession/Distribution of Heroin in violation of 21 U.S.C. § 841(a)(1) (Count 2); Possession/Distribution of Cocaine Base in violation of 21 U.S.C. § 841(a)(1) (Count 3); Possession/Distribution of Cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 4); Possession/Distribution of Marijuana in

violation of 21 U.S.C. § 841(a)(1) (Count 5); and Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c) (Count 6). (Docket No. 3). Defendant was arrested on March 29, 2023. (Docket No. 36).

On September 2, 2025, Defendant filed the three pending motions. (Docket Nos. 689, 690, and 691). In his *Motion for Severance*, Defendant maintains that being tried with other co-defendants would cause irreparable prejudicial "guilt by association" harm to his defense. (Docket No. 689 ¶¶ 16-17, 19). In its *Response* filed on October 10, 2025, the Government argues that Mr. Toro's request is speculative and that he failed to allege specific and compelling prejudice that are sufficient to warrant severance. (Docket No. 760).

In the *Motion to Dismiss*, Defendant takes issue with the evidence provided by the Government and asserts that the indictment should be dismissed because the Government failed to give notice regarding the evidence it intends to use at trial. (Docket No. 690 ¶ 23).[1] The Government filed its *Response in Opposition* on October 8, 2025, contending that motions to dismiss are not the proper mechanism to challenge the sufficiency of the evidence to be used in the Government's case-in-chief. (Docket No. 752).

Lastly, in his *Motion in Limine*, Defendant asks that the

---

[1] The Court notes that a portion of Defendant's *Motion to Dismiss* reiterating his request for severance.

following not be allowed at trial: (1) any reference or testimony regarding the alleged drug and gun purchases between himself and co-defendant Francisco-Ayala-Vega; and (2) any reference or testimony regarding the car licenses. (Docket No. 691 ¶ 8-9). Defendant also invokes Fed. R. Evid. 105 noting that if the court admits evidence that is admissible against a party or for a purpose, but not against another party or for another purpose, on a timely request, the court must restrict the evidence to its proper scope and instruct the jury. Id. ¶ 12. The Government filed a *Response in Opposition* on October 8, 2025, claiming that Defendant's request is premature, unsupported by specific facts or evidentiary proffers, and consists of general assertions and speculative claims. (Docket No. 753). Moreover, the Government notes that the challenged matters are directly relevant to the charged narcotics conspiracy and to Defendant's alleged participation therein. Id.

## II. DISCUSSION

### A. Defendant did not meet his burden to establish that severance is warranted

Rule 8 permits joinder of "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The First Circuit has explained that "[a] conspiracy count can be a sufficient connecting

link between co-defendants and separate substantive offenses to permit their joinder in a single indictment." United States v. Martínez, 994 F.3d 1, 12 (1st Cir. 2021) (citation omitted) (alteration in original). **Generally, defendants "who are indicted together should be tried together," and there is a presumption in favor of joinder**. United States v. DeLeon, 187 F. 3d 60, 63 (1st Cir. 1999) (citations omitted) (emphasis added). The rule is intended to "prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." United States v. DeCologero, 530 F.3d 36, 52 (1st Cir. 2008). "Joinder is proper . . . even when the objecting defendant is only connected to one part of that scheme." United States v. Azor, 881 F.3d 1, 11 (1st Cir. 2017).

Nevertheless, Fed. R. Crim. P. 14(a) permits district courts to order severance if "the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant or the government[.]" Id. A defendant who seeks a separate trial from his co-defendants must make "**a strong showing of evident prejudice**." United States v. O'Bryant, 998 F.2d 21, 25 (1st Cir. 1993) (citations omitted) (emphasis added). Courts may grant severance "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). A

defendant trying to meet this burden "must demonstrate prejudice so pervasive that it would be likely to effect a miscarriage of justice," which is "a difficult battle for a defendant to win." DeLeon, 187 F.3d at 63 (citations and internal quotation marks omitted).

In the case at bar, Mr. Toro indicates that per the Government's proffer, a confidential informant would testify that Defendant made alleged drug and gun purchases from co-defendant Francisco Ayala-Vega ("Mr. Ayala"). (Docket No. 689 ¶ 8-9). Defendant then proceeds to state in a conclusory fashion that: (1) having to go to trial jointly with co-defendant Mr. Ayala would cause "irreparable prejudicial 'guilt by association' harm to his defense;" and (2) having to go to trial with the other co-defendants would result in a "high probability of defendant suffering 'prejudicial variance' and 'guilt by association'" because the discovery produced by the government has failed to tie defendant with any of the other co-defendants. Id. ¶ 17-19.[2]

Guilt by association, also known as "spillover," occurs when evidence against one defendant is "misinterpreted by the jury and used as the basis for convicting another defendant not connected to that evidence." United States v. Drougas, 748 F.2d 8, 18 (1st Cir. 1984). Notably, the spillover effect "rarely constitutes

---

[2] After the *Motion for Severance* was filed, Mr. Ayala moved for Change of Plea, thereby mooting Defendant's specific request to be tried separately from Mr. Ayala. (Docket No. 696).

sufficient prejudice to warrant severance." Azor, 881 F.3d at 12. **A defendant seeking severance on these grounds bears the burden of identifying what "specific evidence that would not be admissible against him were he tried separately."** United States v. Morales-Guanill, 77 F.Supp. 3d 258, 262 (D.P.R. 2015) (emphasis added). Mr. Toro has not met that burden here. *See also* United States v. Maddux, 917 F.3d 437, 449 (6th Cir. 2019) (finding argument as to spillover conclusory where defendant could not point to specific prejudice).

Lastly, it is worth noting that severance need not occur "'[e]ven where large amounts of testimony are irrelevant to one defendant, or where one defendant's involvement in an overall agreement is far less than the involvement of others.'" United States v. Carmona-Bernacet, 608 F.Supp. 3d 3, 9 (D.P.R. 2022) (quoting United States v. Boylan, 898 F.2d 230, 246 (1st Cir. 1990)). Any possibility of spillover can be mitigated by the trial judge's careful differentiation between co-conspirators. *See* Drougas, 748 F.2d at 19 (affirming denial of severance where judge provided jury with instruction that they were to exclude certain witnesses and exhibits from their deliberations regarding one particular co-defendant).

Because Defendant did not establish that he is prejudiced by proceeding to trial with his co-defendants, his *Motion for Severance* at Docket No. 689 is hereby **DENIED**.

## B. **Dismissal of the indictment is not the proper mechanism to challenge the sufficiency of the government's evidence**

The Constitution of the United States requires that, "[i]n all criminal prosecutions, the accused shall . . . be informed of the nature and cause of the accusation." U.S. Const. amend VI. To protect that right, the Federal Rules of Criminal Procedure state that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7(c)(1).

Importantly, however, **the government need not recite all of its evidence in the indictment.** A sufficient indictment need only "sketch[] out the elements of the crime and the nature of the charge so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Guerrier, 669 F.3d 1, 3 (1st Cir. 2011). "Unlike a civil complaint that need allege facts that plausibly narrate a claim for relief, **a criminal indictment need only apprise the defendant of the charged offense,** so that the defendant can prepare a defense and plead double jeopardy in any future prosecution for the same offense." United States v. Rodríguez-Rivera, 918 F.3d 32, 34 (1st Cir. 2019) (emphasis added) (citations and internal quotation marks omitted). Therefore, "an indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet." United

States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (citations omitted).

Crucially, a motion to dismiss "does not 'provide an occasion to force the government to defend the sufficiency of its evidence to be marshalled in support of proving the charged offense.'" United States v. Keleher, 505 F. Supp. 3d 41, 46 (D.P.R. 2020) (citing Rodríguez-Rivera, 918 F.3d at 35). "At the indictment stage, the government need not 'show,' but merely allege, the required elements." Id. (quoting United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). The First Circuit has noted that "courts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations[.]" Guerrier, 669 F.3d at 4.

In his *Motion to Dismiss*, Defendant does not claim that the indictment is insufficient but rather takes issue with the sufficiency of the evidence. Defendant alleges that "[t]he discovery produced by the government and proffer conference has failed to link defendant with any of the other twenty (20) co-defendants." (Docket No. 690 ¶ 19). Accordingly, Mr. Toro argues that "[t]he indictment should be dismissed for the government's failure to give notice of the government's specific intent to use (in its evidence-in-chief at trial)." Id. ¶ 23. As discussed above, a motion to dismiss is not the proper mechanism to challenge the sufficiency of the government's evidence. See United States v.

Case 3:23-cr-00114-RAM   Document 838   Filed 11/26/25   Page 9 of 10
Criminal No. 23-114-21 (RAM)                                              9

Rodriguez-Colon, 979 F. Supp. 2d 203, 204 (D.P.R. 2013) (noting that "the proper procedure for raising a challenge to the sufficiency of the government's evidence is a motion for judgment of acquittal under Rule 29—not a pretrial motion to dismiss."). Therefore, Defendant's *Motion to Dismiss* at Docket No. 690 is hereby **DISMISSED**.

C. **The Motion in Limine is premature**

Defendant requests that any reference or testimony regarding the alleged drug and gun purchases between defendant and Mr. Ayala and/or car licenses not be allowed at trial. (Docket No. 691 ¶¶ 10-11). However, Mr. Toro does not specify under what grounds this information should be precluded, nor does he include any "citations and supporting authorities" as required by Local Rules 7(a) and 112 to substantiate this request. L. CV. R. 7(a); L. CR. R. 112. *See also* United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (finding "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). The Court agrees with the Government that Fed. R. Evid. 105 is a mechanism to issue limiting instructions and protect co-defendants from prejudice, rather than independent grounds for striking otherwise admissible proof. Accordingly, Defendant's *Motion in Limine* at Docket No. 691 is **DENIED WITHOUT PREJUDICE** at this juncture.

### III. CONCLUSION

For the foregoing reasons, defendant Yehudy Toro-Vargas's *Motion for Severance* at Docket No. 689, *Motion to Dismiss* at Docket No. 690, and *Motion in Limine* at Docket No. 691 are hereby **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of November 2025.

S/ RAÚL M. ARIAS-MARXUACH<br>United States District Judge